**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 20-CV-23275-ALTMA/O'SULLIVAN

**WILLIAM NUNEZ**,

    *Plaintiff*,

v.

**COMMISSIONER OF SOCIAL
SOCIAL SECURITY**,

    *Defendant*.

_____/

**ORDER**

The Plaintiff filed a Motion for Summary Judgment (the "Plaintiff's Motion") [ECF No. 21], seeking reversal of the ALJ's decision and remand for further proceedings. The Defendant then filed its own Motion for Summary Judgment (the "Defendant's Motion") [ECF No. 26]. The Court referred both motions to Magistrate Judge John J. O'Sullivan. Judge O'Sullivan issued a Report and Recommendation (the "R&R") [ECF No. 32], in which he recommended that (1) the Plaintiff's Motion should be granted, and (2) the Defendant's Motion should be denied. *See* R&R at 23. He also warned the parties as follows:

> The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

*Id.* at 23. Despite this warning, the parties have not timely objected to Magistrate Judge O'Sullivan's R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 32] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's Motion [ECF No. 21] is **GRANTED**.
3. The Defendant's Motion [ECF No. 26] is **DENIED**.
4. The ALJ's decision is **REVERSED**, and the matter is **REMANDED to the Commissioner** for further administrative proceedings.
5. The Court will enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in a separate order.
6. The Clerk of the Court shall **CLOSE** this case. All other deadlines are **TERMINATED**, and all other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida this 23rd day of November 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record