UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23275-ALTMAN/O'SULLIVAN

**WILLIAM NUNEZ**,

    *Plaintiff*,

v.

**COMMISSIONER OF SOCIAL
SOCIAL SECURITY**,

    *Defendant*.

_____/

## ORDER

The Plaintiff filed an Unopposed Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Petition") [ECF No. 34], seeking an award of attorney's fees of $ 4,251.84. The Court referred the Petition to Magistrate Judge John J. O'Sullivan. Judge O'Sullivan issued a Report and Recommendation (the "R&R") [ECF No. 35], in which he suggested that (1) the Petition be granted and the Plaintiff be awarded fees in the amount of $ 4,251.84, and (2) the Court find that the Plaintiff doesn't owe any debt to the United States that's subject to offset. He also warned the parties as follows:

> The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

*Id.* at 2–3. Despite this warning, the parties have not timely objected to Magistrate Judge O'Sullivan's R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, the Court can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 35] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's Petition [ECF No. 34] is **GRANTED**. The Plaintiff shall be awarded attorney's fees in the amount of $ 4,251.84, for which sum execution shall now issue.
3. This case shall remain **CLOSED**. All other deadlines are **TERMINATED**, and all other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida this 20th day of December 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record